CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000,
AFSCME, AFL-CIO, et al., Respondents, v NEW YORK
CIVIL SERVICE DEPARTMENT et al., Appellants.

Third Department, December 22, 1988

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Daniel Smirlock* of counsel), for appellants.

*Jerome Lefkowitz (Miguel G. Ortiz* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Defendant New York Civil Service Department develops and administers selection procedures for State civil service jobs in the competitive class. In 1982, the Department offered examinations for legal assistant I and II classifications. In 1983, after the examination results were certified, an employment discrimination and civil rights class action on behalf of blacks and Hispanics who had taken one of the 1982 examinations was commenced in United States District Court for the Southern District of New York *(Reid v State of New York,* US Dist Ct, SD NY, Oct. 14, 1983, Duffy, J.). The plaintiffs in the Federal action sought to enjoin the Department from using the results of the 1982 examinations for appointment and to declare that the Department had violated the class members' rights under the 13th and 14th Amendments of the US Constitution and title VII of the Civil Rights Act.

In lieu of litigation, the plaintiffs and the Department entered into a consent decree which sought to guarantee that any inequities to minorities resulting from the 1982 examinations would be remedied so that equal employment opportunities would be provided for all, minorities and nonminorities alike. The decree specifically provided that new selection procedures would be developed and that the Department would apply the "⅘ rule" as established in the Uniform Guidelines on Employee Selection Procedures (29 CFR part 1607) to determine whether the selection procedure had an adverse impact with respect to the appointment of minorities.[1] The consent decree was approved by the Federal District Court in October 1983.[2]

In April 1984, the Department administered a new written examination for the positions of legal assistant I and II. Eligible lists based on unadjusted raw scores of these examinations would have violated the "⅘ rule" and thus had an

1. The Federal District Court expressly maintained "jurisdiction for purposes of supervising the performance of the terms of this Consent Decree and resolving any disputes that may arise hereunder".

2. The Civil Service Employees Association, a plaintiff in the present action, objected to the proposed consent decree, and was granted leave to intervene for the purpose of objecting.

adverse impact on minority candidates. The Department therefore was required to score the examinations in other ways prescribed by the consent decree. The Department found that using the other techniques would not significantly reduce the adverse impact. The Department therefore established two eligible lists for each position, one for black and Hispanic candidates and one for others.

As a consequence of these perceived inequities resulting from the 1984 examination, plaintiff Civil Service Employees Association, Inc. (hereinafter CSEA), commenced this action in Supreme Court for a declaratory judgment that the procedures followed by the Department violated Civil Service Law § 61 and NY Constitution, article V, § 6. Further, CSEA sought a preliminary injunction enjoining the Department from using two eligibility lists to make appointments to competitive class positions. The Department's motion to dismiss the complaint was denied and CSEA successfully moved to temporarily restrain the Department from relying on certified eligible lists to make appointments or promotions. After CSEA amended its complaint, the Department cross-moved for an order vacating the temporary restraining order, denying CSEA's application for a preliminary injunction and dismissing the complaint.

Supreme Court ultimately granted CSEA's motion for a preliminary injunction enjoining the Department from making any appointments from the challenged lists and declared the Department's actions to be in violation of Civil Service Law § 61 and NY Constitution, article V, § 6. Accordingly, Supreme Court denied the Department's motion to dismiss the complaint. Thereafter, the Department moved for reargument and/or renewal alleging that CSEA was improperly attempting to relitigate an issue resolved by the Federal District Court and making an impermissible collateral attack on a consent decree. The prior consent decree, the Department argued, deprived Supreme Court of subject matter jurisdiction, requiring dismissal of the complaint and, a fortiori, denial of plaintiff's preliminary injunction motion. Supreme Court denied renewal, granted reargument but then adhered to its prior decision. This appeal followed.

We are constrained to reverse Supreme Court's order and dismiss the complaint. Collateral attacks on consent decrees involving title VII actions are not permitted (*Marino v Ortiz*, 806 F2d 1144, 1146, *affd* — US —, 108 S Ct 586). The Federal District Court which entered the consent decree is the appro-

priate tribunal to determine this matter since this case requires a determination of whether the Department's establishment of two sets of eligibility lists is within the scope of the consent decree. In cases involving consent decrees, the "[i]mplementation of and continued compliance with the consent decrees is under the supervision of the district court that entered the decrees" *(Thaggard v City of Jackson,* 687 F2d 66, 68, *cert denied sub nom. Ashley v City of Jackson,* 464 US 900). Indeed, it is not the business of another Federal District Court or a Federal Circuit Court of Appeals to decide in a collateral proceeding whether the hiring and promotion policies at issue were either allowed or required by the consent decree *(supra).* The same logic holds true for State courts. To hold otherwise and permit consent decrees to be contested in separate lawsuits would raise the specter of inconsistent or contradictory proceedings, promote uncertainty and undermine the concept of a final judgment and the policy of promoting settlement of title VII actions *(see, Marino v Ortiz, supra).* Here, CSEA argues that it is not attacking the consent decree but rather the actions taken by the Department which were not specifically approved in the consent decree. Thus, their own position posits the issue as one that can only be decided by the Federal District Court which issued the decree, i.e., what acts the consent decree permits.

KANE, CASEY, WEISS and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as adhered to Supreme Court's prior decision; motion for preliminary injunction denied, cross motion to dismiss complaint granted and complaint dismissed; and, as so modified, affirmed.