■ In the Matter of NEW YORK STATE COMMISSIONER OF CORRECTION, Appellant, v THOMAS S. GULOTTA et al., Respondents. [598 NYS2d 547] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to comply with certain administrative directives issued by the petitioner, and an action for a judgment declaring that the directives are valid, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered February 19, 1992, which, *inter alia,* granted the respondents' cross motion for summary judgment, declared that 9 NYCRR 7040.4 is preempted by the amended Federal consent decree in *Badgley v Varelas* (US Dist Ct, ED NY, Mishler, J., 80 Civ 2916), and enjoined the petitioner from conditioning the grant of variances with respect to the Nassau County Correctional Center upon the cessation of double celling pursuant to 9 NYCRR 7040.4, and dismissed the amended verified petition.

Ordered that the order and judgment is modified, on the law, by (1) deleting the first, second, fourth, and sixth decretal paragraphs thereof, and by substituting therefor a provision denying the respondents' cross motion for summary judgment and dismissing their counterclaims, without prejudice, and (2) adding the phrase "without prejudice" to the fifth decretal paragraph thereof, dismissing the amended verified petition; as so modified, the order and judgment is affirmed, without costs or disbursements.

In 1980 pretrial detainees and sentenced inmates at the Nassau County Correctional Center (hereinafter the NCCC) commenced a class action in United States District Court for the Eastern District of New York to compel the respondents' predecessors to eliminate alleged overcrowded conditions at the NCCC. The parties to that action eventually entered into an amended consent decree dated October 9, 1984 *(Badgley v Varelas,* US Dist Ct, ED NY, Mishler, J., 80 Civ 2916, *supra).* The petitioner New York State Commissioner of Correction was initially a defendant in the Federal action, but did not sign the consent decree and the action against it was dismissed in 1986 for reasons which are not made clear in this record. In an amended consent decree, the respondents' predecessors agreed to a five-year construction program to expand housing at the NCCC and to provide certain other recreational

and medical services for the inmates. The parties to the consent decree further agreed that placing two detainees or sentenced prisoners in one cell (hereinafter double celling) would be permitted subject to certain terms and conditions set forth in the consent decree, with the intent that the construction projects would minimize and eventually eliminate the overcrowded conditions. In June 1989 the parties to the consent decree stipulated that construction of an additional 832 modular maximum security cells was necessary and that this construction was being undertaken to effectuate the remedial purposes of the decree *(Badgley v Jablonsky,* US Dist Ct, ED NY, Mishler, J., 80 Civ 2916).

The petitioner commenced the instant proceeding in 1986 to compel the respondents to comply with certain administrative directives. On appeal, the issue is limited to whether the respondents must comply with the petitioner's directives in 1986 and 1988 to eliminate double celling at the NCCC. The petition alleged that the respondents were in violation of State regulation 9 NYCRR 7040.4, which requires individual occupancy cells to have a minimum of 60 square feet of floor space. The respondents counterclaimed, *inter alia,* for a judgment enjoining the petitioner from requiring it to cease double celling inmates as a condition for the approval of certain variances. The Supreme Court declared that the amended consent decree preempted the State regulation, enjoined the petitioner from conditioning its approval of certain variances on the cessation of double celling, and dismissed the amended verified petition. While we agree with the Supreme Court that the amended verified petition should be dismissed, we do so on different grounds.

The petitioner acknowledges that Supremacy Clause considerations require a State court to respect Federal court judgments *(see, Washington v Fishing Vessel Assn.,* 443 US 658, 695), but it contends that enforcement of the State regulation will not conflict with the consent decree, inasmuch as the decree does not require the respondents to continue the practice of the double celling of inmates. The respondents contend that the ability to continue to double cell inmates under certain conditions was an integral part of the settlement of the inmates' action and remains a necessary measure until the construction program is completed.

The terms of the consent decree provide that the Federal court retains jurisdiction over the decree and "any questions concerning its implementation or interpretation". Resolution of the issue raised on appeal clearly implicates the consent

decree, and a determination could result in a judgment contradicting the terms of the decree. Under the circumstances, we conclude that the proceeding amounts to an impermissible collateral attack on the consent decree, because the petitioner seeks to compel the respondents to immediately cease the double celling of inmates at the NCCC *(see, e.g., Civil Serv. Empls. Assn. v New York Civ. Serv. Dept.,* 142 AD2d 326; *see generally, Striff v Mason,* 849 F2d 240; *Thaggard v City of Jackson,* 687 F2d 66, *cert denied sub nom. Ashley v City of Jackson,* 464 US 900; *Black & White Children v School Dist.,* 464 F2d 1030). While, in general, a nonparty to litigation is not precluded from challenging a consent decree *(see, Martin v Wilks,* 490 US 755), we find that it is appropriate to preclude the petitioner from litigating this claim in an independent proceeding in State court, since the petitioner was served with process in the Federal action and was a party to the litigation for several years. Furthermore, contrary to the respondents' contention, the determination in *Badgley v Santacroce* (800 F2d 33, *cert denied* 479 US 1067), is not dispositive of this appeal, and the issue of whether the consent decree preempts the State regulation is better addressed to the Federal court supervising the decree. Accordingly, the amended verified petition and the counterclaims are dismissed without prejudice. Miller, J. P., Lawrence, O'Brien and Pizzuto, JJ., concur.