OPINION OF THE COURT
David B. Saxe, J.
In this CPLR article 78 proceeding petitioner, a police officer with the New York City Police Department, seeks an order vacating the respondent’s decision denying his request *656 for a change of ethnic classification from White to Hispanic. Petitioner also seeks an order directing respondents to certify him and promote him to sergeant.
The application is denied. It is evident that the refusal to change petitioner’s ethnic classification was neither arbitrary nor capricious. The evidence which petitioner submitted failed to establish that he had erroneously classified himself as White when he joined the Police Department in 1966.
The first time that petitioner identified himself as Hispanic was in June 1983 when he sat for the test to be promoted to sergeant. In 1986, pursuant to a court-ordered settlement in Hispanic Socy. of N. Y. City Police Dept. (40 Empl Prac Dec [CCH] ]f 36, at 385 [SD NY, 1986]), Black and Hispanic police officers who took certain police department examinations to qualify for promotion to the rank of sergeant were eligible to receive preferential hiring. In February 1987 petitioner’s counsel wrote to the city personnel department and requested that the Police Department’s record be changed to reflect him as Hispanic. Petitioner claimed that his mother was born in Gibralter and that his maternal grandparents Margaret Mc-Killof and Emanuel Ullger were of Hispanic origin. Petitioner also claimed that he had joined the Police Department’s Hispanic organization.
After a review of petitioner’s records the respondent failed to substantiate that petitioner had even been a member of the Hispanic society. Moreover, Gibralter is and has been under British rule since 1718; the culture there is mixed, the official language is English and the law is based on English common law. Although Spanish is widely spoken, the Gibraltarian way of life is predominantly British. (See, New Encyclopedia Brittanica, vol 5 [15th ed 1985].)
After review of these records by Lieutenant Mercado, it was recommended that petitioner’s ethnic identification remain unchanged. The office of Equal Employment Opportunity accepted and adopted the recommendation.
I find, based upon the documentation submitted, it was neither arbitrary nor capricious for the Police Department to conclude that petitioner’s original self-classification of ethnicity was not erroneous. That decision will not be altered.
Based on this conclusion, I need not entertain that portion of the application which seeks to promote petitioner to the rank of sergeant.