■ In the Matter of RODOLFO BLAKE, Appellant, v GEORGE SANCHEZ, as Deputy Police Commissioner for Equal Opportunity, et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Stanley Parness, J.), entered June 2, 1988, which denied and dismissed petitioner's CPLR article 78 petition challenging the determination of the Deputy Police Commissioner for Equal Opportunity which had denied his requests for ethnic reclassification, is unanimously affirmed, without costs.

Petitioner, a 15-year veteran of the police force, was born in Costa Rica of parents of black, Jamaican origin. His baptismal certificate, military records, naturalization papers, and photograph confirm such black origins. He also speaks fluent Spanish and is a member of both the Hispanic Society and Guardians Association, fraternal organizations of both Hispanic and black New York City police officers, respectively. Upon petitioner's preappointment interview, petitioner classified himself as Hispanic. Ten years later, upon taking a promotional examination for the rank of sergeant, petitioner again classified himself as Hispanic. On that test, petitioner obtained a score which was insufficient to be eligible for promotion as a Hispanic officer, but sufficient for promotion as a black officer, under standards established pursuant to a court-approved settlement in *Hispanic Socy. v New York City Police Dept.* (40 Empl Prac Dec [CCH] ¶ 36,385 [SD NY]; *see also, Marino v Ortiz,* 806 F2d 1144 [2d Cir], *affd* 484 US 301). Thereafter, he applied for ethnic reclassification, which request was denied on the basis that "no mistake in his current (self) classification" had been found.

It is undisputed that the Police Department race/ethnic designation guidelines, as applied by respondents, do not render the categories of black and Hispanic mutually exclusive. Petitioner's characteristics do fall within both categories. In such cases, it is departmental policy to allow the employee to classify himself initially, the evident wisdom of which

petitioner did not challenge below. Petitioner has challenged the departmental policy or rationale which refuses to allow an officer to change classifications unless the initial self-classification is erroneous. Assuming, arguendo, any merit to this attack *(but see, Matter of Lagrua v Ward,* 136 Misc 2d 655 [Sup Ct, NY County], *affd on opn below* 143 AD2d 604 [1st Dept]), petitioner's ultimate claim for reclassification must in any event be rejected in the circumstances of this case. Petitioner repeated the Hispanic self-classification 10 years after his initial designation and such was in connection with the very promotional test from which he now seeks to derive benefit. Under the provisions of the settlement agreement approved by the Federal court, the designations of those taking the promotional tests were utilized to determine the ratio of additional black and Hispanic applicants to be promoted and therefore, the respective eligibility cutoff scores. Thus, petitioner's 1983 self-classification as Hispanic was part of the very process whose result he now seeks to avoid. In these circumstances, respondents' refusal to grant reclassification was necessary to protect the integrity of the administrative process, including the implementation of the court-approved settlement with respect to the promotional tests. Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.