**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: PARVIN KASHANI SHAFFAAT,
Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

                                   No. 98-1340

v.

TWENTY-EIGHT VARIOUS FIREARMS,
Defendant,

SEYED AHMAD SHAFFAAT,
Claimant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-96-2628-JFM)

Submitted: December 8, 1998

Decided: December 29, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter Stephen Booth, Bethesda, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, W. Warren Hamel, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Parvin Kashani Shaffaat seeks to appeal the district court's order granting the United States' motion for summary judgment for forfeiture of twenty-eight firearms pursuant to 18 U.S.C.A. § 924(d)(1) (West Supp. 1998). Because she lacks standing to appeal the forfeiture order, we dismiss for want of jurisdiction.

Parvin Shaffaat's husband, Seyed Ahmad Shaffaat, was convicted of two counts of possessing unregistered firearms and one count of dealing in firearms without a license. Following his conviction, the United States filed a civil complaint for forfeiture of twenty-eight firearms. Seyed Shaffaat lay claim to the firearms, answered the complaint, and responded to the motion for summary judgment. At no time during the criminal or civil proceedings did Parvin Shaffaat claim an ownership interest in, or otherwise contest the forfeiture of, the firearms. Nonetheless, following the entry of summary judgment of forfeiture, she filed a pro se notice of appeal. Seyed Shaffaat did not note an appeal.

The United States argues that we should dismiss the appeal because Parvin Shaffaat is not a proper party to the appeal. She responds that the United States improperly raised--and thus waived--this issue. She also alleges that she is an aggrieved nonparty entitled to appeal under Loc. R. 12(a) because the firearms in question actually were being held in trust for her minor son and she is his sole guardian now that her husband is incarcerated.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). There is no requirement that a party disputing appellate jurisdiction do so through any particular means. Rather, we are obligated to satisfy ourselves

2

that we have jurisdiction over an appeal, even if neither party contests jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Randall v. United States, 95 F.3d 339, 344-45 (4th Cir. 1996).

Parvin Shaffaat failed to demonstrate an ownership, possessory, or security interest in the firearms so as to give her Article III standing to challenge the forfeiture. See United States v. Accounts 3034504504 & 144-071433, 971 F.2d 974, 984-85 (3d Cir. 1992). Unlike her husband, she did not file in the district court a verified claim to the firearms in accordance with Supp. R. Civ. P. 6(c). Thus, she also lacks statutory standing. See id. at 984; United States v. Property at 4492 Livonia Rd., 889 F.2d 1258, 1262 (2d Cir. 1989). She was not a party to the proceedings below, nor did she seek to intervene in the district court.

As a nonparty who is not bound or otherwise sufficiently affected by the district court's final order, Parvin Shaffaat lacks standing to appeal that order. See Marino v. Ortiz, 484 U.S. 301, 304-305 (1988); United States v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998). We therefore dismiss the appeal for want of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not sufficiently aid the decisional process.

DISMISSED

3