## MARINO ET AL. *v.* ORTIZ ET AL.

No. 86–1415.   Argued November 30, 1987—Decided January 13, 1988*

---

*Together with *Costello et al.* v. *New York City Police Department et al.,* also on certiorari to the same court (see this Court's Rule 19.4).

*Ronald Podolsky* argued the cause and filed briefs for petitioners.

*Glen D. Nager* argued the cause *pro hac vice* for the United States as *amicus curiae.* With him on the brief were *Solicitor General Fried, Assistant Attorney General Reynolds, Deputy Solicitor General Ayer, Deputy Assistant Attorney General Clegg, David K. Flynn,* and *Dennis J. Dimsey.*

*Leonard J. Koerner* argued the cause for respondents and filed a brief for respondent New York City. With him on the brief were *Peter L. Zimroth* and *Elizabeth Dvorkin. Robert David Goodstein* and *Eileen West* filed a brief for respondent Guardians Association of the Police Department of the City of New York, Inc. *Kenneth Kimerling* filed a brief for respondents Hispanic Society et al. *Richard K. Walker* filed a brief for respondent Sergeants Benevolent Association of the City of New York.†

PER CURIAM.

Petitioners seek to challenge a consent decree approving an agreement settling a Title VII lawsuit against the City of New York. After the results of a police sergeant's examination revealed that blacks and Hispanics had passed the examination at disproportionately low rates, groups representing these minority members of the New York City Police Department sued the Department under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42

---

†*Benjamin Vinar* filed a brief for Dov Hikind et al. as *amici curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed for the city of Birmingham, Alabama, by *James P. Alexander, Robert K. Spotswood,* and *James K. Baker;* for the National League of Cities et al. by *Benna Ruth Solomon, Joyce Holmes Benjamin, Beate Bloch, Barbara E. Etkind, Rebecca L. Ross,* and *Todd D. Peterson;* for the Equal Employment Advisory Council by *Robert E. Williams* and *Douglas S. McDowell;* and for the Lawyers' Committee for Civil Rights Under Law by *Paul C. Saunders, Thomas D. Barr, Robert D. Joffe, Robert F. Mullen, Conrad K. Harper, Stuart J. Land, Norman Redlich, William L. Robinson, Judith A. Winston, Richard T. Seymour,* and *Stephen L. Spitz.*

U. S. C. § 2000e *et seq.* Three other groups were permitted to intervene as codefendants: "the Sergeants Benevolent Association ('SBA'), representing over 500 officers on the eligible list who had obtained provisional appointments as sergeants; the Sergeants Eligibles Association ('SEA'), representing officers who were on the eligible list but had not received provisional appointments; and various white ethnic societies and other individual officers (the 'Schneider Intervenors')." *Hispanic Society of New York City Police Dept.* v. *New York City Police Dept.*, 806 F. 2d 1147, 1151 (CA2 1986) (*Costello* case below). The parties reached settlement, which was first approved by the District Court on an interim basis, and finally, after a hearing, by consent decree. The settlement provided that black and Hispanic candidates who had failed to make the eligible list would be promoted until the racial/ethnic composition of the new sergeants was approximately the same as the racial/ethnic composition of the group of candidates taking the test. The SBA and the SEA signed the agreement; the Schneider Intervenors, although opposing the settlement, chose not to appeal.

Petitioners are a group of white police officers who claim that they were not placed on the eligible list even though they had scored at least as high on the examination as the lowest scoring minority officer promoted under the interim order. Although they presented their objections to the District Court at the hearing, they chose not to move to intervene pursuant to Federal Rule of Civil Procedure 24, either initially as codefendants or later to replace the Schneider Intervenors for purposes of appeal. See *United Airlines, Inc.* v. *McDonald,* 432 U. S. 385, 395 (1977). Instead, they filed suit during the period between the interim approval of the settlement and the final consent decree, claiming a violation of their Fourteenth Amendment equal protection rights. In 806 F. 2d 1144 (CA2 1986) (*Marino* case below), the Court of Appeals affirmed the District Court's dismissal of petitioners' suit, deeming it an impermissible collateral attack on a con-

sent decree by persons who could have intervened in the underlying litigation. Petitioners also attempted to appeal from the consent decree. In *Costello,* the Court of Appeals dismissed the appeal because petitioners were not parties to the litigation giving rise to the consent decree. 806 F. 2d 1147 (CA2 1986). We granted certiorari to consider these judgments, 481 U. S. 1047 (1987).

As to the issue raised in *Marino,* namely, whether a district court may dismiss as an impermissible collateral attack a lawsuit challenging a consent decree by nonparties to the underlying litigation, we are equally divided, and therefore affirm the judgment of the Court of Appeals. As to the issue raised in *Costello,* we hold that because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement; therefore, we affirm the judgment of the Court of Appeals. The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled. See, *e. g., United States ex rel. Louisiana* v. *Jack,* 244 U. S. 397, 402 (1917); Fed. Rule App. Proc. 3(c) ("The notice of appeal shall specify the party or parties taking the appeal"). The Court of Appeals suggested that there may be exceptions to this general rule, primarily "when the nonparty has an interest that is affected by the trial court's judgment." 806 F. 2d, at 1152. We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable. See *United Airlines, Inc., supra.*

Accordingly, the judgments of the Court of Appeals are

*Affirmed.*