99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William C. HOPKINS and Stephen J. DiLorenzo, individually,
as limited partners of and in the right of Sunrise
Auto Partners, L.P., as class
representatives, Plaintiffs-Appellees,
v.
Smith BARNEY, Harris Upham & Co., Inc., Defendant-Cross-Appellee,
v.
John E. BRANHAM, Westbury Management, Inc., Branham
Management Corporation II, William S. Gray, Jr.,
and John Does 1-10, Defendants,
Anthony PANEBIANCO, and Theodore Panebianco, Defendants-Appellants,
The VERONICA BRANHAM BERMUDA TRUST, The Veronica Branham
Irrevocable Trust, The Carolyn Webster Irrevocable
Trust, P.J. Management, Inc., and James
Webster, Appellants.
 Nos. 95-7100, 95-7142.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 For defendants-appellants: Richard J. Reisch, Carle Place, NY.
 For appellants: Colin F. Dorney, Williston Park, NY.
 For defendant-cross-appellee: William F. Alderman, Orrick, Herrington & Sutcliffe, New York, NY.
 S.D.N.Y.
 DISMISSED.
 Present: OAKES, McLAUGHLIN, LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the appeals from the order of the district court be and they hereby are DISMISSED.
 
 
 3
 Anthony and Theodore Panebianco (the "Panebiancos"), on the one hand, and The Veronica Branham Bermuda Trust, the Veronica Branham Irrevocable Trust, The Carolyn Webster Irrevocable Trust, P.J. Management, Inc., and James Webster (collectively, the "Branham appellants"), on the other, appeal from an order entered in the United States District Court for the Southern District of New York (Thomas P. Griesa, Chief Judge ) approving the payment of $6 million by Sunrise Auto Partners, L.P. ("Sunrise") to Smith Barney, Harris Upham & Co., Inc. ("Smith Barney"). The payment was pursuant to a settlement, approved the same day by separate order and judgment of the court, of a securities fraud and racketeering suit by certain limited partners in Sunrise against Smith Barney, Sunrise's general partner, and the Panebiancos.
 
 
 4
 Under the settlement, Sunrise was liquidated and the proceeds--$6 million--were paid to Smith Barney as indemnity or, alternatively, contribution. Smith Barney, in turn, paid $16.25 million to the plaintiffs. The Panebiancos and the Branham appellants all had ownership interests in Sunrise. They contend that, by approving the $6 million payment from Sunrise to Smith Barney, the district court unfairly stripped them of their ownership interests. We have no jurisdiction, however, to hear their appeals.
 
 
 5
 The Branham appellants were not parties in the proceedings below, and never sought leave to intervene. They therefore have no standing to appeal the district court's ruling. See Marino v. Ortiz, 484 U.S. 301, 304 (1988).
 
 
 6
 Although the Panebiancos were parties below, and thus have standing to appeal, the order approving the $6 million payment is itself unappealable. Contrary to the assertion in their brief, the order is not an injunction, and thus does not fall under 28 U.S.C. § 1292(a)(1). Neither is the order "final," as required by 28 U.S.C. § 1291. The only "final" order here was the order and judgment approving the settlement itself and dismissing the suit. By letter to the Court, the Panebiancos have made clear that they are not appealing that order. Since the order and judgment incorporates by reference the $6 million payment, we have no jurisdiction to hear the Panebiancos' challenge to the separate, interlocutory order approving the $6 million payment. See Abish v. Northwestern Nat'l Ins. Co., 924 F.2d 448, 451 (2d Cir.1991).
 
 
 7
 Accordingly, the appeals are DISMISSED.