

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# Gaskin v. Commonwealth of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4627

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Gaskin v. Commonwealth of PA" (2006). *2006 Decisions.* Paper 698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4627
_____

Lydia Rebecca Gaskin, a minor, by her parents Joseph and Karen Gaskin; Hassan Adib
Sabree, a minor, by his mother Hana Sabree; Merrin Rainey, a minor by her parents
Thomas and Linda Rainey; Samuel Luckinbill, a minor, by his parents Thomas and
Wendy Luckinbill; Lisa McCann, a minor, by her mother Lisa McCann; Elizabeth Moser,
a minor, by her mother Giovanna Moser; Anne Corr, a minor, by her foster parents and
next friends Patrick and Judith Corr; Brett Michael Koneski, a minor, by his parents
Jamea and Dawn Koneski; Michael Wintering, a minor, by his parents, Michael and
Nancy Wintering; Sarah Noe, a minor by her parents Roland and Janice Noe; Tiffany
Zimenoff, a minor, by her parents Richard and Robin Zimenoff; ARC PA, on behalf of its
members; Pennsylvania Protection and Advocacy, Inc.; Pennsylvania Coalition of
Citizens with Disabilities, on behalf of its members; PA State Conf NAACP, on behalf of
its members; Autism Support and Advocacy in Pennsylvania, on behalf of its members;
Philadelphia Police & Fire Association for Handicapped Children , on behalf of its
members; The AND Alliance, on behalf of its members; John Forte, a minor, by his
parents Daniel and Michaelene Forte

v.

Commonwealth of Pennsylvania; Pennsylvania Department of Education; Donald M.
Carroll, Jr., in his official capacity as Secretary of Education, Commonwealth of
Pennsylvania; Joseph F. Bard, in his official capacity as Commissioner of Elementary and
Secondary Education, Pennsylvania Department of Education; Michelle Desera, in her
official capacity as Director, Bureau of Special Education, Pennsylvania Department of
Education; Earl H. Horton; Madge K. Benovitz; E. Peter Denzing; Ronald R. Cowell;
Edward M Donley; Karl R. Girton; Edith W. Isacke; R. Gerald Longo; Beatrice Moore;
James J. Rohades; Howard Selekman, in their official capacities as members of the State
Board of Education and the council of basic education

LINDA J. BRYAN, Parent Pro Se,[1]
Appellant

_____

[1] Pursuant to Fed. R. App. P. 12(a).

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 94-cv-04048)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2006

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed July 25, 2006)

_____

OPINION

_____

PER CURIAM

In September 2005, the United States District Court for the Eastern District of

Pennsylvania approved a settlement agreement of a class action, concluding a long and

complex case which began some eleven years earlier. <u>See Gaskin v. Pennsylvania</u>, 389 F.

Supp. 2d 628 (E.D. Pa. 2005). Linda Bryan, the parent of several non-named class

members, appeals the District Court's approval of the settlement agreement. Her written

objections to the settlement, filed after she received the notice of settlement sent to the

class, were her first (and only) involvement in the case in the District Court. For the

reasons below, we will dismiss the appeal.

As an initial matter, we note that Bryan is representing *pro se* both herself and her

children.  While she may file a notice of appeal on behalf of her children, Bryan may not represented them in federal court as a non-lawyer parent.  OSI-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 877 (3d Cir. 1991).  Bryan was apprised of this via letter dated October 28, 2005, and advised that unless she secured counsel for her children within twenty-one days, their appeal would be dismissed for failure to timely prosecute.  See 3rd Cir. Local Appellate Misc. Rule 107.2.  The time has long passed, and we will therefore dismiss the appeal as to the children.

As Bryan cannot represent her children, she must herself have standing to appeal the District Court's order approving the settlement agreement.  The Supreme Court has held that a non-party must intervene in order to appeal the approval of a class action settlement.  Marino v. Ortiz, 484 U.S. 302, 304 (1988) ("we hold that because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement").

It appears that Bryan did attempt to intervene. However, her submission did not comply with FED. R. CIV. P. 24.  The motion to intervene – to the extent it may be so termed – consists of no more than a portion of a sentence on the last page of a document she filed titled "Objections to Settlement of Class Action by Parent Pro Se, Linda J. Bryan."  See Bryan's Appendix, doc. 25 at p. 26 ("parent requests permission to join class-action suit") (formatting changed).  Pursuant to Rule 24(c), a motion to intervene

"shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Bryan's submission provided no basis for the District Court to determine whether her claims have "a question of fact or law" in common with the Gaskin lawsuit. Rather, the twenty-six pages of rambling objections and questions she submitted to the District Court do not meet the minimal standard for a proper pleading and, so far as we can determine, contain no arguments or allegations that meaningfully relate to the Gaskin case. Although we construe a *pro se* litigant's pleadings liberally, Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), we cannot construe Bryan's document as a valid motion. For these reasons, we do not fault the District Court for taking no action on her motion.

It follows, however, that Bryan did not intervene. As a result, she lacks standing to appeal the order approving the settlement agreement. S.E.C. v. Black, 163 F.3d 188, 196 (3d Cir. 1998) (stating that "*Marino* only requires that a court deny an appeal from non-parties who have not obtained or sought intervenor status."). We will, therefore, dismiss her appeal as well.

4