**SECURITIES AND EXCHANGE COMMISSION, Plaintiff– Appellee,**

v.

**RESOURCE DEVELOPMENT INTERNATIONAL, LLC, et al., Defendants,**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

**Lawrence J. Warfield, Receiver, Counter Defendant– Appellee,**

v.

**Chase Bank USA, N.A., Counter Claimant,**

**Lonnie Glenn Schmidt, Appellant.**

No. 06–11174
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 21, 2008.

Jeffrey B. Norris, U.S. Securities & Exchange Commission, Fort Worth District Office, Fort Worth, TX, for Plaintiff–Appellee.

Kelly Mitchell Crawford, Scheef & Stone, Dallas, TX, for Counter Defendant– Appellee.

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM: *

In an action brought by the Securities and Exchange Commission involving an alleged "Ponzi scheme," the district court appointed a temporary receiver, Lawrence Warfield. He served Lonnie Schmidt, a non-party, with a copy of the Receivership Order, which directed that all persons holding certain assets provide them to the receiver, but Schmidt did not adequately

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comply. On Warfield's petition, the court ordered Schmidt individually to turn over the assets, but he did not, nor did he appear at the show-cause hearing. The court then held him in contempt; after several years, he was finally located and taken into custody.

After an extensive period of incarceration, Schmidt agreed to comply with the court's orders and was given leave to produce relevant documents. In early January 2008, Warfield recommended that Schmidt's contempt be purged, and on June 5 the district court so ruled. Because contempt has been purged, the appeal is dismissed as moot. *See Port v. Heard*, 764 F.2d 423, 426–27 (5th Cir. 1985).[1] Schmidt's "Motion for Order To Show Cause Why Case Should Not Be Dismissed" is DENIED.

The Appeal is DISMISSED.

---

1. In his notice of appeal, Schmidt also appeals the district court's ruling "to keep in full force and effect Temporary Order Placing Assets of Lonnie Schmidt and Daniel Schmidt in Receivership," a substantive challenge to the court's decision. Because Schmidt is not a party to the lawsuit, he can appeal such substantive determinations only under "a rare exception to the general rule," *Castillo v. Cameron County*, 238 F.3d 339, 349 (5th Cir. 2001), that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment," with "the better practice [being] for such a nonparty to seek interven-

tion for purposes of appeal," *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Because "the equities weigh [against] hearing the appeal," *Castillo*, 238 F.3d at 349 (internal citations and quotations omitted), given Schmidt's egregious conduct during the course of this suit, we do not consider this aspect of his non-party appeal.