# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 06-11174
Summary Calendar

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

RESOURCE DEVELOPMENT INTERNATIONAL, LLC, ET AL.,

Defendants,

LAWRENCE J. WARFIELD, Receiver,

Counter Defendant-Appellee,

v.

CHASE BANK USA, N.A.,

Counter Claimant,

LONNIE GLENN SCHMIDT,

Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:02-CV-605

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

In an action brought by the Securities and Exchange Commission involving an alleged "Ponzi scheme," the district court appointed a temporary receiver, Lawrence Warfield. He served Lonnie Schmidt, a non-party, with a copy of the Receivership Order, which directed that all persons holding certain assets provide them to the receiver, but Schmidt did not adequately comply. On Warfield's petition, the court ordered Schmidt individually to turn over the assets, but he did not, nor did he appear at the show-cause hearing. The court then held him in contempt; after several years, he was finally located and taken into custody.

After an extensive period of incarceration, Schmidt agreed to comply with the court's orders and was given leave to produce relevant documents. In early January 2008, Warfield recommended that Schmidt's contempt be purged, and on June 5 the district court so ruled. Because contempt has been purged, the appeal is dismissed as moot. See Port v. Heard, 764 F.2d 423, 426-27 (5th Cir. 1985).[1] Schmidt's "Motion for Order To Show Cause Why Case Should Not Be Dismissed" is DENIED.

The Appeal is DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In his notice of appeal, Schmidt also appeals the district court's ruling "to keep in full force and effect Temporary Order Placing Assets of Lonnie Schmidt and Daniel Schmidt in Receivership," a substantive challenge to the court's decision. Because Schmidt is not a party to the lawsuit, he can appeal such substantive determinations only under "a rare exception to the general rule," Castillo v. Cameron County, 238 F.3d 339, 349 (5th Cir. 2001), that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment," with "the better practice [being] for such a nonparty to seek intervention for purposes of appeal," Marino v. Ortiz, 484 U.S. 301, 304 (1988). Because "the equities weigh [against] hearing the appeal," Castillo, 238 F.3d at 349 (internal citations and quotations omitted), given Schmidt's egregious conduct during the course of this suit, we do not consider this aspect of his non-party appeal.