11-309-cv
Pierce v. Delmonte

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                        REENA RAGGI,
                                    *Circuit Judges*,
                        JED S. RAKOFF,
                                    *District Judge*.*

------------------------------------------------------------------------------------

MURPHY PIERCE,
                        *Plaintiff-Appellant*,

BRIDGEPORT GUARDIANS, INC., THEOPHILUS B. MEEKINS, CHARLES D. SMITH, ARTHUR CARTER, RICHARD HERLIHY, THOMAS D. FLYNN, DAVID DANIELS, RAYMOND SHERWOOD, CARLOS MEDINA, JOE ANN SIMMONS, JAMES SHEFFIELD, BRENDA DIXON, STEPHEN NELSON, KIMBERLY PARKS, LIZZIE WILLIAMS, DANIEL GARCIA, TNT SPECIALIZED DIVISION, WILLIAM BAILEY, HISPANIC SOCIETY-BRIDGEPORT POLICE DEPARTMENT, INC.,
                        *Plaintiffs*,

---

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

ARTHUR J. DELMONTE, JOHN DEVINE, JOHN C. O'LEARY, FRANK DELAQUILA, LARRY HARRIS, JR., ROBERT BRUNO, JAMES MCCARTHY, CITY OF BRIDGEPORT, GLENN PRENTICE, SGT., WILLIAM GIBLIN, CAPTAIN, COUNCIL # 15 POLICE UNION, RICHARD CUMMINGS, COUNCIL # 15 POLICE UNION, DAVID J. HOYT, SGT., AFSCME, COUNCIL 15, LOCAL 1159, AFL-CIO, BRIDGEPORT POLICE UNION, BRIDGEPORT POLICE UNION AFSCME COUNCIL 15 AFL-CIO,
                              *Defendants-Appellees*,

GEORGE ZWALLY,
                              *Defendant*.[**]
----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        CYNTHIA R. JENNINGS, Esq., Windsor, Connecticut.

APPEARING FOR APPELLEES:        BETSY A. EDWARDS, Office of the City Attorney, City of Bridgeport, Bridgeport, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Janet B. Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal from an order entered on December 29, 2010, is DISMISSED.

Plaintiff Murphy Pierce, a former officer of the Bridgeport Police Department, appeals from an order rejecting his claim that Bridgeport Police Chief Bryan Norwood discriminated against him on the basis of his race by referring him to the Board of Police Commissioners

---

[**] The Clerk of Court is directed to amend the official caption as shown above.

for discipline in excess of 30 days' suspension.  The challenged order was issued pursuant to: (1) a January 7, 1983 remedial order under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e, et seq., which provided, inter alia, for the appointment of a special master to "[r]eview any and all disciplinary actions instituted against any black officer who claims that such action is racially discriminatory in purpose or effect; and to recommend [to the district court] an appropriate adjustment in any such action found to be racially discriminatory as to initiation, severity of sanction or otherwise," Bridgeport Guardians, Inc. v. Delmonte, 553 F. Supp. 601, 619 (D. Conn. 1983); and (2) an October 4, 2010 order stating that the district court would "review the facts and circumstances of the still-pending claims of racial discrimination" submitted to the special master prior to March 12, 2009, Bridgeport Guardians, Inc. v. Delmonte, No. 5:78-cv-175 (JBA) (D. Conn. Oct. 4, 2010), ECF No. 1970.[1]  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to dismiss this appeal.

1.    Remedial Order

Defendants submit that Pierce may not appeal the challenged order because it does not represent a final judgment in an action to which Pierce is a party; rather, the order merely reflects a factual determination on a claim filed by Pierce pursuant to a court-imposed remedial scheme in the underlying Bridgeport Guardians case, to which Pierce is not a party. We agree.

---

[1]  Upon completion of its review of the pending claims, the district court vacated the 1983 remedial order on December 30, 2010.

3

The 1983 remedial order provided for a special master to review discrimination claims in the Bridgeport Police Department, with any further review by the district court. See Bridgeport Guardians, Inc. v. Delmonte, 553 F. Supp. at 619–20. The process did not contemplate further review of discriminatory discipline claims in this court and no right to such review was created by the October 2010 order, which placed Pierce's claim immediately before the district court. Further, as a non-party to the underlying litigation, Pierce lacks standing to appeal rulings in the Bridgeport Guardians case. See generally Marino v. Ortiz, 484 U.S. 301, 304 (1988) (holding that parties who failed to intervene in Title VII litigation could not appeal district court's judgment and consent decree).[2]

Even if Pierce's claim were appealable, however, we would afford him no relief on this appeal because the district court did not clearly err in rejecting Pierce's claim that his referral to the Board of Police Commissioners was inconsistent with Norwood's treatment of white officers. See Barclays Capital Inc. v. Theflyonthewall.com, Inc., 650 F.3d 876, 890 (2d Cir. 2011) (reviewing factual findings for clear error); see also Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 169 (2d Cir. 2002) ("[W]e review a master's factual findings for clear error, whether or not the district court accepts them."). Pierce attempted to extort money and goods from a private citizen, and thereafter intimidated a witness into changing

---

[2] At oral argument, defendants' counsel represented that this court has previously heard appeals on claims filed under the Bridgeport Guardians remedial order. Defendants, like Pierce, do not cite any such decision by this court in their brief. Further, defendants have not filed a letter under Fed. R. App. P. 28(j) advising this panel of such a decision, nor has the court identified one. Nevertheless, for reasons stated in the next paragraph of text, plaintiff's claim would fail even if appealable.

her testimony about his misconduct. Although the proffered white comparators engaged in felonious activity, none of them exploited his position as a police officer or attempted to suborn perjury. We identify no clear error in the district court's finding that Pierce's misconduct was sufficiently different from that of other disciplined white officers so as not to indicate discriminatory discipline.

In an effort to avoid this result, Pierce urges us to treat his remedial order claim as if it were a complaint commencing a separate Title VII suit, the dismissal of which should be reviewed de novo. See Gonzalez v. Hasty, 651 F.3d 318, 321 (2d Cir. 2011). The argument is defeated by the remedial order, as clarified in 2006, which provided that filing a claim "shall not delay the right/obligation of an officer to pursue any other rights or remedies with regard to the discipline imposed," and that an officer was free to pursue relief under any other "applicable statute." See Bridgeport Guardians, Inc. v. Delmonte, No. 5:78-cv-175 (JBA) (D. Conn. Nov. 20, 2006), ECF No. 1554. That other statutory relief includes an action under Title VII, distinct from the review process established by the remedial order. Pierce has only sought relief as a non-party in the lengthy Bridgeport Guardians post-judgment phase; he has never filed a Title VII suit. The district court's denial of his claim is therefore not a dismissal of a complaint subject to de novo review.

2.      Arbitration

Pierce complains that, following his termination, defendants should have referred his case to the special master, and not arbitrated his discharge according to the terms of the Bridgeport Police Department collective bargaining agreement. Insofar as this attacks the

5

validity of the arbitration ruling, such a challenge needed to be brought in district court pursuant to the Federal Arbitration Act, see 9 U.S.C. § 10(a)(4), not on this appeal.

The argument is, in any event, meritless. In a November 20, 2006 order, the district court clarified that, under the existing remedial scheme, "[c]omplaints of racial discrimination are not required to be filed with the Special Master and may be pursued pursuant to the applicable collective bargaining agreement or applicable statute." Bridgeport Guardians, Inc. v. Delmonte, No. 5:78-cv-175 (JBA) (D. Conn. Nov. 20, 2006), ECF No. 1554. Further, the district court confirmed that "[a]ny grievance concerning the imposition of discipline shall be governed by the collective bargaining agreement currently in effect between the City and the Union." Id. Under those provisions, defendants did not violate the remedial order by arbitrating Pierce's termination rather than referring it to the special master. There was no requirement that the special master claim be filed, and the defendants were bound to follow the grievance procedure as set forth in the collective bargaining agreement, which they did by arbitrating Pierce's termination. Nor can Pierce complain now that the arbitrator exceeded his authority by rendering his decision while Pierce's claim pursuant to the remedial order was pending, given Pierce's failure ever to raise that argument or seek a stay in the district court. See In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 255 n.8 (2d Cir. 2011).

Insofar as Pierce argued in the district court that the arbitration ruling did not preclude the district court from making its own independent findings on his discrimination claim, we identify no error in the district court's failure specifically to address this argument in its

6

ruling.  The district court never mentioned, much less relied upon, the arbitration decision in dismissing Pierce's discrimination claim.  On the contrary, the district court considered Pierce's claim <u>de novo</u> and held an independent evidentiary hearing to assess its merits.  In short, Pierce obtained exactly the independent judicial review he sought pursuant to the remedial order.

We have considered Pierce's remaining arguments and conclude that they afford no ground for review.  Accordingly, the appeal of the district court's claim review pursuant to the remedial order is DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7