PER CURIAM:
Ali and Aisha Abdur-Rahman (“Interve-nors”) appeal from the district court’s order denying their post judgment motion to intervene as defendants in a civil action. Appellees — plaintiff and defendants in the underlying action — have filed motions to dismiss the appeal, which we have construed as motions for summary affirmance. We grant Appellees’ motions; we affirm in part and dismiss in part.
In the underlying civil action, Plaintiff-Appellee Richard Lindsey sought declaratory and injunctive relief, alleging that the Fayette County Board of Commissioners districts were unconstitutional. Shortly after Lindsey filed his complaint, the parties filed a joint motion seeking, among other things, the approval of a consent decree and entry of final judgment. The district court issued the consent decree and terminated the case. The district court retained jurisdiction over the case only for purposes of enforcing the consent decree.
Several months after the case was terminated, Intervenors filed a motion to intervene as defendants, pursuant to Fed. R.Civ.P. 24(a) and (b). The district court issued an order staying the action pending resolution of the intervention motion.
The district court ultimately denied In-tervenors’ motion to intervene based on two independent grounds: (1) Intervenors failed to demonstrate standing to continue the suit after the original parties had settled, as required by Dillard v. Chilton Cnty. Comm’n, 495 F.3d 1324, 1330 (11th Cir.2007); and (2) “[e]ven if Intervenors *749 had standing,” they failed to show that their motion was timely, as required by Fed.R.CivJP. 24(a) and (b).[1]
In their initial appellate brief, Interve-nors make no argument challenging the district court’s denial — on the ground of untimeliness — of their motion to intervene. Instead, Intervenors raise the timeliness issue for the first time in their reply brief. So, Intervenors have waived the timeliness argument. See Kernel Records Oy v. Mosley, 694 F.3d 1294, 1310 n. 17 (11th Cir .2012).
Because Intervenors fail to challenge a dispositive issue, they cannot prevail on appeal. See NAACP v. New York, 413 U.S. 345, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973) (explaining that a court considering a motion to intervene “must first be satisfied as to timeliness” and, if the motion to intervene “is untimely, intervention must be denied.”). No substantial question exists for the outcome of the case; we grant Appellees’ motions for summary af-firmance.[2] See Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir.1969) (summary disposition is necessary and proper when “one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case.... ”).
Intervenors were not parties to the lawsuit, and their motion to intervene was denied properly. As a result, they lack standing to challenge the consent decree. See Marino v. Ortiz, 484 U.S. 301, 108 S.Ct. 586, 587, 98 L.Ed.2d 629 (1988) (“only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment”). To the extent Inter-venors seek to challenge the district court’s issuance of the consent decree, we dismiss the appeal.
AFFIRMED IN PART; DISMISSED IN PART.

. The district court later issued an order imposing sanctions against Intervenors’ lawyer under Fed.R. Civ. P. 11. Intervenors appealed separately from that order, and that appeal is docketed as No. 13-10895.
In this appeal, Intervenors have filed a motion to stay the district court’s sanctions order. Because the district court's sanctions order is not properly before us in this appeal, we lack jurisdiction to consider the motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844-45 (11th Cir.2006) (dismissing an appeal from a sanctions order for lack of jurisdiction where sanctions were imposed only on the lawyer when the lawyer failed to list himself as an appellant in the notice of appeal).

. Because we grant Appellees’ motions for summary affirmance based on Intervenors' failure to appeal the timeliness-of-the-motion issue, we need not address Appellees’ alternative argument that Intervenors failed to file a timely appellate brief.