**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AQUILA, INC.,

     Plaintiff - Appellee,

v.

C.W. MINING COMPANY, d/b/a Co-Op
Mining Company,

     Defendant.

------------------------------

STANDARD INDUSTRIES, INC.,

     Movant - Appellant.

No. 16-4000
(D.C. No. 2:05-CV-00555-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Standard Industries, Inc., a non-party garnishee, seeks to appeal the district

court's order renewing a judgment against C.W. Mining Company (CWM) in favor

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Aquila, Inc.[1]  We have jurisdiction under 28 U.S.C. § 1291, and dismiss the appeal for lack of standing.

In 2007, the district court entered a $24,841,988 judgment in favor of Aquila, an electrical utility, in Aquila's breach of contract action against CWM for failure to deliver contracted-for coal.  *See Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1269 (10th Cir. 2008) (affirming judgment).  A writ of garnishment was served on Standard in Aquila's effort to collect the judgment.  In 2008, Aquila filed an involuntary bankruptcy petition against CWM.  In October 2015, the bankruptcy trustee and Aquila jointly stipulated that no principal had been collected on the judgment and they stipulated to relief from the bankruptcy stay for the limited purpose of permitting Aquila to renew its judgment against CWM.

After the bankruptcy court lifted the stay, Aquila moved in district court to renew the judgment.  Standard, which wasn't a party to the district court case, but merely a garnishee, filed a motion opposing Aquila's motion for renewal.  In the motion, Standard argued Aquila had recovered its losses by obtaining replacement coal and wasn't the real party in interest because of asset sales and a merger. But other than listing itself as a garnishee in the caption, Standard didn't articulate any argument or present any evidence showing it had standing to object to Aquila's renewal motion. The district court granted the motion to renew the judgment without mentioning Standard's motion.  Standard appeals.

---

[1] Aquila is now known as KCP&L Greater Missouri Operations Company, but we will continue to refer to it as Aquila.

Aquila contends that Standard lacks standing to appeal because it wasn't a party to the litigation below other than as a post-judgment garnishee. It is "well-settled" that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). Standard, as the litigant seeking to invoke federal jurisdiction, bears the burden of establishing its standing to appeal. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The standing required by Article III of the Constitution "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

We have noted that "extraordinary circumstances" may provide a non-party with standing to appeal. *Hutchinson v. Pfeil*, 211 F.3d 515, 518 (10th Cir. 2000) (internal quotation marks omitted). But Standard didn't argue or present evidence of extraordinary circumstances in either its district court motion or its appellate opening brief. For the first time in its appellate reply brief, Standard argues, without citation to authority, that it has standing as a garnishee to litigate the amount of its indebtedness to CWM related to the judgment balance. Standard doesn't articulate, however, how this interest will cause it to suffer any concrete, actual injury if the judgment is renewed. *See Lujan*, 504 U.S. at 560-61 (articulating components of standing).[2] In any event, Standard didn't meet its burden to demonstrate standing in

---

[2] The basic components of standing are well-settled:

the district court, and we don't consider arguments not raised in the district court.

*See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Nor do we consider appeal

arguments that weren't raised or adequately presented in an appellant's opening brief.

*See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Because Standard failed to demonstrate its standing to appeal, we dismiss this

appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

First, the plaintiff must have suffered an injury in fact–an invasion of a
legally protected interest which is (a) concrete and particularized, and
(b) actual or imminent, not conjectural or hypothetical. Second, there must
be a causal connection between the injury and the conduct complained of–
the injury has to be fairly traceable to the challenged action of the
defendant, and not the result of the independent action of some third party
not before the court. Third, it must be likely, as opposed to merely
speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (citations, quotation marks, and brackets omitted).