# United States Court of Appeals
## For the First Circuit

No. 16-2313

JACQUELINE BRENNER,
on behalf of herself and all others similarly situated,

Plaintiff, Appellant,

v.

WILLIAMS-SONOMA, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Douglas Greg Blankinship, Todd S. Garber, and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP on brief for appellant.
P. Craig Cardon, Dylan J. Price, Sheppard Mullin Richter & Hampton LLP, Nicholas C. Theodorou, Creighton K. Page and Foley Hoag LLP on brief for appellee.

August 16, 2017

**TORRUELLA**, **Circuit Judge**.   The would-be appellant in this case, Ronald Brenner ("Mr. Brenner") sought to amend his late-wife's putative class action complaint in order to name himself as lead plaintiff.   The district court ruled that such an amendment would be futile and Mr. Brenner never became a party to the action. We find that Mr. Brenner does not fall within an exception to our general rule that non-parties may not appeal.   Microsystems Software, Inc. v. Scandinavia Online AB, 226 F.3d 35, 39-42 (1st Cir. 2000) (identifying exceptions to the general rule barring appeals by non-parties).   We therefore dismiss this appeal for lack of jurisdiction.

## I.   Background

On September 5, 2010, Jacqueline Brenner ("Mrs. Brenner") provided her zip code to Williams-Sonoma, Inc. ("Williams-Sonoma")[1] while using a credit card to conduct a purchase at one of the retailer's locations in Massachusetts. Williams-Sonoma used Mrs. Brenner's zip code to learn her mailing address, and then sent her merchandise catalogs.

On April 15, 2013, Mrs. Brenner filed a putative class action complaint alleging that Williams-Sonoma's practice of collecting customers' zip codes constituted unjust enrichment, and

---

[1]   Williams-Sonoma is a Delaware corporation with its principal place of business in California.

violated Mass. Gen. Laws ch. 93, § 105(a).[2]  Following the filing of the complaint, the case proceeded in the regular course until October 15, 2015, when Mrs. Brenner's counsel filed a Suggestion of Death and Mr. Brenner, Mrs. Brenner's husband, moved pursuant to Fed. R. Civ. P. 25(a)(1) ("Rule 25") to substitute himself for Mrs. Brenner in his capacity as executor of her estate, and under Fed. R. Civ. P. 15(a)(2) ("Rule 15") for leave to amend the complaint to add himself as a plaintiff in his individual capacity.

Mr. Brenner's motions were referred to a magistrate judge for a Report and Recommendation ("R & R").  On January 27, 2016, the magistrate issued her R & R in which she recommended to the district court that both of Mr. Brenner's motions be denied, and the case dismissed.  The magistrate recommended denying Mr. Brenner's motion to substitute because both of Mrs. Brenner's claims against Williams-Sonoma were extinguished upon her death.[3]

---

[2]  Mass. Gen. Laws ch. 93, § 105(a) states that "[n]o . . . business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form."  Mass. Gen. Laws ch. 93, § 105(d) states that a violation of 105(a) is an "unfair and deceptive trade practice."  Mass. Gen. Laws ch. 93A, § 2(a) declares unfair and deceptive trade practices unlawful. And finally, Mass. Gen. Laws ch. 93A, § 9, under which Mrs. Brenner brought her action, enables any person injured by a violation of § 2(a) to bring an action in court.  See Tyler v. Michaels Stores, Inc., 984 N.E.2d 737, 739-43(Mass. 2013) (discussing meaning and purpose of Mass. Gen. Laws ch. 93, § 105(a)).

[3]  Mass. Gen. Laws ch. 228, § 1 enumerates the only tort actions

-3-

The magistrate further recommended denying Mr. Brenner's motion for leave to amend the complaint to add himself as a plaintiff under Rule 15 because such an amendment would be futile given that Mr. Brenner was not a member of the class as alleged in the complaint,[4] and because his claim under Mass. Gen. Laws ch. 93, § 105(a) did not comply with the relevant statute of limitations,[5] which sets a four year window.[6]

Although Mr. Brenner did not file a motion to intervene in the case pursuant to Fed. R. Civ. P. 24(a)(2) ("Rule 24"), the magistrate did address Mr. Brenner's suggestion, made in a reply memorandum, that Rule 24 gave him the right to intervene.  The

---

that do not extinguish upon the death of a party.  The magistrate found that Mrs. Brenner's Mass. Gen. Laws ch. 93, § 105(a) claim did not relate to any purchase from Williams-Sonoma, nor the terms of any purchase, but instead to an allegedly unlawful invasion of privacy.  Moreover, the nature of Mrs. Brenner's unjust enrichment claim, the magistrate determined, was a statutory violation, not a breach of contract.

[4]    The complaint specifies "consumers whose personal identification information was wrongfully collected by Williams-Sonoma from April 15, 2009 to the present" as the class it represents.  Mr. Brenner, however, last provided his zip code to Williams-Sonoma in 2004.

[5]  Mass. Gen. Laws ch. 260, § 5A.

[6]  The magistrate determined that, at the latest, Mr. Brenner's claim began to accrue on November 23, 2004, when he first received a Williams-Sonoma merchandise catalog.  At the earliest, according to the magistrate, Mr. Brenner's claim began to accrue on October 1, 2004, when he last provided his zip code to Williams-Sonoma.

magistrate found that, even if Mr. Brenner had filed a motion under Rule 24, it would not have succeeded because, as discussed above, he was not a member of the class identified by the complaint.

Mr. Brenner filed an objection to the R & R but he did not object to the magistrate's recommendation that the district court deny his motion to substitute, so the district court adopted it.[7]  Mr. Brenner did object to the magistrate's recommendation that his motion for leave to amend pursuant to Rule 15 be denied, but the district court determined that amendment would be futile. The district court adopted the magistrate's reasoning that Mr. Brenner's own claim against Williams-Sonoma was barred by the statute of limitations.  On October 28, 2016, Mr. Brenner appealed the district court's order.

## II.  Discussion

It is "well settled" that only parties to a lawsuit have standing to appeal a judgment.  Marino v. Ortiz, 484 U.S. 301, 304 (1988).  "Party" refers to those who are parties when a judgment is entered, and those who properly become parties.  Microsystems Software, 226 F.3d at 39.

---

[7]  Mr. Brenner also did not raise his unjust enrichment claim on appeal to the district court, nor his argument that he had a right to intervene.  Failure to object to a magistrate's recommendation waives the right to review that recommendation in the district court, and precludes it from being challenged on appeal.  Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).

> While there is an exception to the 'only a party may appeal' rule that allows a nonparty to appeal the denial of a motion to intervene, the situation differs when intervention is readily available. In that event, courts are powerless to extend a right of appeal to a nonparty who abjures intervention.

Id. at 40 (citations omitted). Mr. Brenner did not seek to intervene in the action. Rather, he sought first to substitute for his wife and then to amend the complaint filed by his wife. His bid for substitution having failed, he was left with only his motion to amend. Such a motion on its own, however, does not grant him status as a party to the complaint. The district court denied Mr. Brenner's motion to amend and Mr. Brenner is therefore not a party to this action.

Although there may be exceptions to the general rule that non-parties may not appeal, see id. at 39-42, we find that none of them apply in this case. In particular, there is no equitable reason to apply an exception to the "only a party may appeal" rule because the district court was correct that, even if Rule 15 allowed amendment in this case, such an amendment would be futile because any injury suffered by Mr. Brenner clearly falls outside of the relevant statute of limitations. Id. at 41 (evaluating whether "the equities" favor permitting an appeal). It is undisputed that Mr. Brenner last provided his zip code to Williams-Sonoma and received a catalogue from them in response in

2004. Mr. Brenner's argument that the limitations period should be tolled under the discovery rule is to no avail. Tyler, 984 N.E.2d at 746 (finding that injury occurs when the consumer receives unwanted marketing materials). We agree with the district court that there was nothing "inherently unknowable" about this injury. Harrington v. Costello, 7 N.E.3d 449, 454 (2014). A lack of knowledge that he had been legally harmed does not toll the statute of limitations period. Id. at 457. Rather, because the harm complained of was receipt of unwanted mailings from Williams-Sonoma, receipt of the first mailing was notice of an injury. See Fidler v. Eastman Kodak Co., 714 F.2d 192, 199 (1st Cir. 1983) (finding that knowledge of injury does not require knowledge that defendant's breached a duty to cause the injury). While a motion to substitute could have rendered him a party, this motion was denied by the district court. Like the appellants in Microsystems, Mr. Brenner could have filed a motion to intervene, but he did not. 226 F.3d at 41.

## III.  Conclusion

Because Mr. Brenner did not become a party below and we find no equitable reason to allow this appeal, our only role in this case is to memorialize the fact that because Mr. Brenner is not a member to this action he lacks standing to appeal. We therefore dismiss for lack of jurisdiction.

**Dismissed.**