16-3575-cv; 17-160-cv
*Barcia v. Sitkin v. Rold*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of November, two thousand seventeen.

PRESENT:   AMALYA KEARSE,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,

                    *Circuit Judges.*

---

NIDIA BARCIA, Individually and on behalf of all others similarly situated,

                    *Plaintiff-Appellee,*                    16-3575-cv
                                                             17-160-cv

           v.

NEW YORK STATE UNEMPLOYMENT INSURANCE APPEAL BOARD,

                    *Defendant-Appellee,*

           v.

WILLIAM J. ROLD,

                    *Movant-Appellant*[*]

---

[*] The Clerk of Court is directed to amend the caption as indicated above.

1

**FOR PLAINTIFF-APPELLEES:**   DAVID RAFF, Raff & Becker LLP, New York, NY

**FOR DEFENDANT-APPELLEE:**   DAVID S. FRANKEL, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, David S. Frankel, Assistant Solicitor General, *on the brief), for* Eric T. Schneiderman, New York State Attorney General, New York, NY

**FOR MOVANT-APPELLANT:**   JANE BECKER, Law Offices of Jane Becker Whitaker, San Juan, Puerto Rico, (Steven A. Rosen, Law Offices of Steven A. Rosen, *on the brief)*, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the two captioned appeals are **DISMISSED.**

Movant-Appellant William Rold ("appellant" or "Rold") has filed two separate appeals challenging the District Court's decision to defer ruling on his motion to intervene in long-running settlement discussions in *Barcia v. Sitkin*, 79 Civ. 5831 (LAP) (hereinafter "*Barcia*"). *Barcia* concerns a 1983 consent decree ("the decree") between unemployment insurance claimants and the New York State Department of Labor and Unemployment Insurance Appeal Board (UIAB). The District Court entered the decree after finding that the UIAB had failed to provide claimants with proper due process protections in unemployment insurance denial appeal hearings. As part of the decree, the court ordered independent monitoring of the UIAB by Raff & Becker LLP, a New York City labor law firm that represented the class of plaintiffs that brought the underlying suit.

Appellant is not, and has never been, a party in *Barcia*. Appellant is a former chief administrative law judge on the UIAB. In 2011, when he was no longer a member of the UIAB, he brought a separate civil rights and *qui tam* suit against both *Barcia* plaintiffs and defendants. In his suit, Rold contends that he observed inflated, duplicative, and fraudulent billing statements produced by Raff & Becker, and that New York State officials continually paid the firm what the firm and the officials knew to be an unreasonably large amount for unnecessary work, in violation of the New York State and federal False Claims Acts. *See United States ex. rel. Rold*, No. 14-cv-04393 (S.D.N.Y.). Rold further alleges that he was fired for his attempts to bring the fraudulent billing and payment practices to the attention of the New York State Attorney General. He now contends that his participation as intervenor in *Barcia* is necessary for him to fairly litigate his separate civil rights and *qui tam* claims.

---

[1] Judge Loretta A. Preska is presiding over both the *Barcia* litigation and appellant's civil rights and *qui tam* action.

Appellant filed a motion to intervene in *Barcia* in March 2016, after receiving word that the parties were in negotiations to terminate the 1983 consent decree. In October 2016, having not ruled on appellant's motion, the District Court so-ordered a joint stipulation that terminated Raff & Becker's monitoring of the UIAB. Rold filed his first appeal (16-3575-cv) following the District Court's approval of that stipulation, requesting that this Court order the District Court to rule on his pending motion before taking any other action in the *Barcia* litigation. In December 2016, the District Court so-ordered a second stipulation, which vacated the majority of the *Barcia* defendants' remaining obligations under the decree. Appellant's motion to intervene was still pending at the time Judge Preska so-ordered this second stipulation. He then filed his second appeal (17-160-cv), again demanding a ruling on his motion to intervene. The legal arguments raised in both appeals are identical, and in both he suggests, as an alternative, the issuance of a writ of mandamus, citing 28 U.S.C. § 1651, to compel the District Court to rule on his motion to intervene.

Before the district court decided Rold's intervention motion, his attempts to appeal with respect to that motion were premature. *See* 28 U.S.C. § 1921 (allowing appeals from "final decisions"); *id.* § 1292 (allowing appeals from certain interlocutory "orders" or "decrees"). Since the filing of his two appeals, Rold has received a ruling on his intervention motion. On September 22, 2017, Judge Preska issued a final order closing the *Barcia* case and denying Rold's motion to intervene. All of Rold's requests in this Court with respect to his motion to intervene are thus now moot. Rold contends that his two appeals raised additional issues ripe for relief that were not rendered moot by Judge Preska's order. We disagree. Any other arguments raised by appellant relating to the merits of the two stipulations Judge Preska so-ordered are baseless, as Rold is not a party to *Barcia* and thus cannot challenge decisions entered in that case. It is well settled that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988). This Court cannot provide appellant any further relief now that the District Court has issued a ruling on his underlying motion.

## CONCLUSION

For the reasons stated above, both of Appellant's appeals are hereby DISMISSED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk