**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REAL PROPERTY LOCATED AT
3347 CHARTREUSE WAY,
HOUSTON, TEXAS,

Defendant,

_____

FABROSE COMPANY NIGERIA,
LTD., doing business as Fabross
Property Ventures,

Claimant,

_____

KEN EJIMOFOR EZEAH

Movant - Appellant.

No. 18-6125
(D.C. No. 5:16-CV-00153-HE)
W.D. Okla.

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The appellant in this matter, Ken Ezeah, pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.[1] *See United States v. Ezeah*, 738 F. App'x 591, 592 (10th Cir. 2018). The United States filed a parallel civil forfeiture action against real property located at 3347 Chartreuse Way in Houston, Texas, alleging the property was purchased with proceeds from the conspiracy and was used by Ezeah to facilitate the conspiracy. The record owner of the property was Fabrose Company Nigeria, Ltd., d/b/a Fabross Property Ventures.

Notwithstanding a waiver in the plea agreement of Ezeah's right to challenge the forfeiture of any assets derived from the proceeds of the scheme, Ezeah filed a motion to dismiss the civil forfeiture action. The district court denied Ezeah's motion, concluding he lacked standing to participate in the forfeiture action because he did not file a timely claim and because he waived his rights to challenge the forfeiture action in his plea agreement. The district court

---

[1]Ezeah's direct appeal was dismissed by this court because the plea agreement contained an enforceable appeal waiver. *United States v. Ezeah*, 738 F. App'x 591, 595 (10th Cir. 2018).

entered judgment in favor of the United States on June 20, 2018, and Ezeah filed this appeal on July 2, 2018.

As the government correctly states, Ezeah is a non-party to the civil forfeiture action[2] and thus he lacks standing to challenge any judicial rulings related to that action. *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."). Accordingly, this appeal is **dismissed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]Ezeah did not file a motion to intervene in the civil forfeiture action. For this reason, we held that his attempt to immediately appeal the denial of his motion to dismiss was premature. *United States v. Real Property Located at 3347 Chartreuse Way, Houston, Tx*, No. 18-6109 (10th Cir. June 21, 2018).