20-1492-cv
*DYJ Holdings Inc. v. Intercontinental Exchange, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-two.

Present:

> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*,

_____

DYJ HOLDINGS, INC.,

> *Intervenor-Appellant*,

PUTNAM BANK; CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM CITY OF LIVONIA RETIREE
HEALTH AND DISABILITY BENEFITS PLAN; HAWAII
SHEET METAL WORKERS HEALTH & WELFARE FUND;
HAWAII SHEET METAL WORKERS TRAINING FUND;
HAWAII SHEET METAL WORKERS ANNUITY FUND;
HAWAII SHEET METAL WORKERS PENSION FUND,

> *Plaintiffs*,

v.                                                          No. 20-1492-cv

INTERCONTINENTAL              EXCHANGE,              INC.;
INTERCONTINENTAL  EXCHANGE  HOLDINGS,  INC.;  ICE
BENCHMARK   ADMINISTRATION   LIMITED   (F/K/A/   NYSE

EURONEXT RATE ADMINISTRATION LIMITED); ICE DATA SERVICES, INC.; ICE PRICING AND REFERENCE DATA LLC; BANK OF AMERICA CORPORATION; BANK OF AMERICA N.A.; MERILL LYNCH, PIERCE, FENNER & SMITH INC.; CITIGROUP INC.; CITIBANK, N.A.; CITIGROUP GLOBAL MARKETS INC.; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; J.P. MORGAN SECURITIES LLC; BARCLAYS PLC; BARCLAYS BANK PLC; BARCLAYS CAPITAL INC.; BNP PARIBAS S.A.; BNP PARIBAS SECURITIES CORP.; CREDIT AGRICOLE S.A.; CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK; CREDIT AGRICOLE SECURITIES (USA) INC.; CREDIT SUISSE GROUP AG; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USC) LLC; DEUTSCHE BANK AG; DEUTSCHE BANK SECURITIES INC.; HSBC HOLDINGS PLC; HSBC BANK PLC; HSBC BANK USA, N.A.; HSBC SECURITIES (USA) INC.; LLOYDS BANK PLC; LLOYDS SECURITIES INC.; MUFG BANK, LTD. (F/K/A/ THE BANK OF TOKYO-MITSUBISHI UFJ LTD.); MITSUBISHI UFJ FINANCIAL GROUP INC.; MUFG SECURITIES AMERICAS INC.; THE NORINCHUKIN BANK; COÖPERATIEVE RABOBANK U.A.; ROYAL BANK OF CANADA; RBC CAPITAL MARKETS, LLC; THE ROYAL BANK OF SCOTLAND GROUP PLC; NATWEST MARKETS PLC; NATIONAL WESTMINSTER BANK PLC; NATWEST MARKET SECURITIES INC.; SOCIÉTÉ GÉNÉRALE S.A.; SG AMERICAS SECURITIES, LLC; SUMITOMO MITSUI BANKING CORPORATION; SUMITOMO MITSUI FINANCIAL GROUP INC.; SUMITOMO MITSUI BANKING CORPORATION EUROPE LTD.; SMBC CAPITAL MARKETS, INC.; UBS GROUP AG; UBS AG; UBS SECURITIES LLC,

*Defendants-Appellees*.[*]

---

| For Intervenor-Appellant DYJ Holdings, LLC: | RYAN W. MARTH (Thomas J. Undlin, Stacey P. Slaughter, Robins Kaplan LLP, Minneapolis, MN, Vincent Briganti, Geoffrey M. Horn, Christian Levis, Peter A. Barile III, Lowey Dannenberg, P.C., White Plains, NY, Amanda F. Lawrence, Scott+Scott Attorneys at Law LLP, Colchester, CT, Steven M. Berezney, Korein Tillery, LLC, St. |

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

Louis, MO, *on the brief*), Robins Kaplan LLP, Minneapolis, MN

For Defendants-Appellees
The Royal Bank of Scotland Group
PLC (n/k/a NatWest Group PLC),
NatWest Markets PLC, National
Westminster Bank PLC, and NatWest
Markets Securities Inc.:

DAVID SAPIER LESSER (Jamie Dycus, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY

For Defendants-Appellees
Intercontinental Exchange, Inc.,
Intercontinental Exchange Holdings,
Inc., ICE Benchmark Administration
Limited, ICE Data Services, Inc., ICE
Data Pricing & Reference Data, LLC:

ADAM S. HAKKI (Jerome S. Fortinsky, Shearman & Sterling LLP, New York NY, John F. Cove, Jr., San Francisco, CA, Brian Hauser, Washington, DC, *on the brief*), Shearman & Sterling LLC, New York, NY

For Defendants-Appellees Credit
Suisse Group AG, Credit Suisse
Securities (USA) LLC, and Credit
Suisse AG:

Joel Kurtzberg, Elai Katz, Herbert S. Washer, Adam S. Mintz, Cahill Gordon & Reindell LLP, New York, NY

For Defendants-Appellees Crédit
Agricole S.A., Crédit Agricole
Corporate and Investment Bank, and
Credit Agricole Securities (USA) Inc.:

Joseph E. Neuhaus, Sullivan & Cromwell LLP, New York, NY

For Defendants-Appellees Bank of
America Corporation, Bank of
America, N.A., and Merrill, Lynch,
Pierce, Fenner & Smith Inc.:

Arthur J. Burke, Paul S. Mishkin, Adam G. Mehes, Davis Polk & Wardwell LLP, New York, NY

For Defendants-Appellees Citigroup
Inc., Citibank, N.A., and Citigroup
Global Markets Inc.:

Lev L. Dassin, Roger A. Cooper, Cleary Gottlieb Steen & Hamilton LLP, New York, NY

For Defendants-Appellees Barclays
PLC, Barclays Bank PLC, and
Barclays Capital Inc.:

Jeffrey T. Scott, Matthew Porpora, Sullivan & Cromwell LLP, New York, NY

For Defendants-Appellees JPMorgan
Chase & Co., JPMorgan Chase Bank,
N.A., and J.P. Morgan Securities LLC

Paul C. Gluckow, Alan C. Turner, Simpson Thacher & Bartlett LLP, New York, NY, Abram Ellis, Washington, DC

3

| | |
|---|---|
| For Defendants-Appellees Deutsch Bank AG and Deutsche Bank Securities Inc.: | Brad S. Karp, Jessica S. Carey, Hallie S. Goldblatt, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY |
| For Defendants-Appellees Lloyds Bank plc and Lloyds Securities Inc.: | Marc J. Gottridge, Lisa J. Fried, Benjamin A. Fleming, Hogan Lovells US LLP, New York, NY |
| For Defendants-Appellees HSBC Holdings plc, HSBC Bank PLC, HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.: | Damien Marshall, King & Spalding LLP, New York NY, Paul Alessio Mezzina, Joshua N. Mitchell, Washington, DC |
| For Defendants-Appellees MUFG Bank, Ltd., MUFG Securities Americas Inc., and Mitsubishi UFJ Financial Group, Inc.: | Christopher M. Viapiano, Sullivan & Cromwell LLP, Washington, DC |
| For Defendant-Appellee The Norinchukin Bank: | Andrew W. Stern, Tom A. Paskowitz, Sidley Austin LLP, New York, NY |
| For Defendants-Appellees Société Générale and SG Americas Securities, LLC: | Steven Wolowitz, Andrew Calica, Mayer Brown LLP, New York, NY |
| For Defendant-Appellee Coöperatieve Rabobank U.A.: | David R. Gelfand, Tawfiq S. Rangwala, Milbank LLP, New York, NY, Mark D. Villaverde, Los Angeles, CA |
| For Defendants-Appellees UBS Group AG, UBS AG, and UBS Securities LLC: | Eric J. Stock, Jefferson E. Bell, Gibson, Dunn & Crucher LLP, New York, NY |
| For Defendants-Appellees Royal Bank of Canada and RBC Capital Markets, LLC: | Richard D. Owens, Douglas K. Yatter, Lilia B. Vazova, Latham & Watkins LLP, New York, NY |
| For Defendants-Appellees Sumitomo Mitsui Banking Corporation, Sumitomo Mitsui Financial Group, Inc., SMBC Capital Markets, Inc., and Sumitomo Mitsui Banking Corporation Europe Ltd.: | Kenneth I. Schacter, Morgan, Lewis & Bockius LLP, New York, NY, Jon r. Roellke, Washington, DC |

4

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

DYJ Holdings, LLC ("DYJ") seeks to challenge a March 30, 2020 judgment entered in favor of Defendants[1] in the United States District Court for the Southern District of New York (George B. Daniels, *J.*). Plaintiffs[2] below initially appealed from the judgment, but later withdrew their appeals. We conclude that DYJ lacks standing to maintain the appeal of the district court's judgment and therefore dismiss the appeal for lack of jurisdiction.

Plaintiffs were investors in financial instruments tied to the US Dollar Intercontinental Exchange London Interbank Offered Rate ("ICE LIBOR"), an important financial benchmark. They sued Defendants, a group of banks (the "Panel Banks") and the administrator of ICE LIBOR, alleging that Defendants had conspired to fix the ICE LIBOR for their own financial benefit. Plaintiffs brought a single claim for price fixing in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Defendants moved to dismiss the complaint on several grounds, including the failure to state a claim under Fed. R. Civ. P. 12(b)(6) and lack of personal jurisdiction over certain foreign defendants under Fed. R. Civ. P. 12(b)(2). The district court granted the motion on March 26, 2020, and entered judgment four days later. Plaintiffs timely appealed.

Plaintiffs filed their joint opening brief in this Court on August 13, 2020. Three months later, one plaintiff, Putnam Bank, filed a stipulation withdrawing and dismissing its appeal. On December 1, 2020—two days before their reply brief was due—counsel for the remaining plaintiffs-appellees filed a motion to stay the appeal for 60 days. Counsel reported that they had

---

[1] Intercontinental Exchange, Inc.; Intercontinental Exchange Holdings, Inc.; ICE Benchmark Administration Limited (f/k/a/ NYSE Euronext Rate Administration Limited); ICE Data Services, Inc.; ICE Pricing and Reference Data LLC; Bank of America Corporation; Bank of America N.A.; Merill Lynch, Pierce, Fenner & Smith Inc.; Citigroup Inc.; Citibank, N.A.; Citigroup Global Markets Inc.; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; JPMorgan Securities LLC; Barclays PLC; Barclays Bank PLC; Barclays Capital Inc.; BNP Paribas S.A.; BNP Paribas Securities Corp.; Credit Agricole S.A.; Credit Agricole Corporate and Investment Bank; Credit Agricole Securities (USA) Inc.; Credit Suisse Group AG; Credit Suisse AG; Credit Suisse Securities (USC) LLC; Deutsche Bank AG; Deutsche Bank Securities Inc.; HSBC Holdings PLC; HSBC Bank PLC; HSBC Bank USA, N.A.; HSBC Securities (USA) Inc.; Lloyds Bank PLC; Lloyds Securities Inc.; MUFG Bank, Ltd. (f/k/a/ The Bank of Tokyo-Mitsubishi UFJ Ltd.); Mitsubishi UFJ Financial Group Inc.; MUFG Securities Americas Inc.; The Norinchukin Bank; Coöperatieve Rabobank U.A.; Royal Bank of Canada; RBC Capital Markets, LLC; The Royal Bank of Scotland Group PLC; NatWest Markets PLC; National Westminster Bank PLC; NatWest Market Securities Inc.; Société Générale S.A.; SG Americas Securities, LLC; Sumitomo Mitsui Banking Corporation; Sumitomo Mitsui Financial Group Inc.; Sumitomo Mitsui Banking Corporation Europe Ltd.; SMBC Capital Markets, Inc.; UBS Group AG; UBS AG; UBS Securities LLC.

[2] Putnam Bank; City of Livonia Employees' Retirement System and City of Livonia Retiree Health and Disability Benefits Plan (together "Livonia"); and Hawaii Sheet Metal Workers Health & Welfare Fund, Hawaii Sheet Metal Workers Training Fund, Hawaii Sheet Metal Workers Annuity Fund, and Hawaii Sheet Metal Workers Pension Fund (together, "Hawaii Sheet Metal").

"learned that the remaining Proposed Class Representatives wish[ed] to withdraw from this case," and sought a stay "to allow the substitution of the current Named Plaintiffs and Proposed Class Representatives." Appellants Mot. For Stay, ECF No. 263 at 1. On December 3, 2020, Plaintiffs' counsel filed an emergency motion to extend time to file their reply brief for the same reason. Defendants opposed both motions. On December 7, 2020, we granted the motion to extend time to file the brief but denied the motion to stay the appeal. Hawaii Sheet Metal and the City of Livonia filed their reply brief on December 15, 2020.

On December 28, 2020, DYJ, represented by the same counsel as Plaintiffs, moved to intervene in this Court "for the purpose of serving as named plaintiff and class representative." DYJ Mot. to Intervene, ECF No. 292 at 1. DYJ did not include an affidavit or proposed complaint with its motion. Rather, it asserted only that it was "the assignee of the claims of a member of the proposed class." *Id*. at 2. Defendants opposed the motion, arguing, among other things, that DYJ's vague statements about the assignment of claims did not provide a basis to assess whether it had "a direct, substantial, and legally protectable" interest in the appeal. Defs. Opp'n to Motion to Intervene, ECF No. 340 at 6 (internal quotation marks omitted). Defendants also moved to dismiss the appeal, arguing that Plaintiffs' decision to abandon the appeal left this Court without jurisdiction. In reply, DYJ filed an affidavit by Jason Presinzano—founder, CEO, and sole owner of DYJ. Presinzano stated that he "held in [his] personal investment portfolio, full economic interest in USD ICE LIBOR Financial Instruments, as that term is defined in the Consolidated Amended Complaint." Presinzano Aff., ECF No. 358-1 at 2. He stated that he "believe[d] that [he] personally suffered financial injury and damages as a result of the suppression of USD ICE LIBOR" and "assigned to DYJ all of [his] rights to bring antitrust and related claims concerning USD ICE LIBOR-related instruments." *Id*. at 1–2. A motions panel of this Court granted DYJ's motion to intervene and denied Defendants' motion to dismiss on April 6, 2021. Hawaii Sheet Metal and City of Livonia filed a stipulation withdrawing their appeal on April 27, 2021, and this Court so-ordered the withdrawal the following day. Defendants and DYJ filed supplemental briefs addressing the import of DYJ's intervention.

DYJ's status as an intervenor in this appeal does not excuse it from meeting the requirements for standing under Article III. *See Tachiona v. United States*, 386 F.3d 205, 211 (2d Cir. 2004) (noting that the "grant of a motion to intervene for purposes of appeal does not, by itself, confer standing on the intervenor to appeal 'in the absence of the party on whose side intervention was permitted'" (quoting *Diamond v. Charles*, 476 U.S. 54, 68 (1986))). We conclude that DYJ lacks standing to appeal the district court's judgment because it was neither a party in the district court proceedings nor is it bound by the district court's judgment. Generally, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *Tachiona*, 386 F.3d at 211 ("[A] party not bound by a judgment will, in the usual case, have difficulty showing that it meets the Article III standing requirement."). Although DYJ was not a party below, it asserts that it can sustain this appeal because it is the assignee of the claims of a prospective member of an uncertified class. Consistent with the principle that "a nonparty may appeal if it has an interest affected by the judgment," *Off. Comm. of Unsecured Creditors of WorldCom, Inc. v. S.E.C.*, 467 F.3d 73, 78 (2d Cir. 2006) (alteration adopted) (internal quotation marks omitted), the Supreme Court has permitted prospective class members to intervene to appeal from the denial of class certification when the named plaintiffs will not, *see United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–95 (1977); *see also In re*

6

*Brewer*, 863 F.3d 861, 868 (D.C. Cir. 2017) (permitting a prospective class member to intervene on appeal after named plaintiff withdrew his appeal from denial of class certification). But "[a] plaintiff who brings a class action presents two separate issues, one being the claim on the merits and the other being the claim that he is entitled to represent a class." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 388–89 (1980). *McDonald* permits an intervenor to appeal an adverse ruling on the latter issue. DYJ cites no authority for the proposition that a prospective class member may also intervene to appeal a dismissal on the merits, and we see no basis for construing *McDonald* to authorize such appeals by intervenors.

Because the parties bound by the district court's judgment have withdrawn their appeals, and because we conclude that DYJ lacks standing to maintain the appeal, we thus lack jurisdiction, and the appeal is hereby **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7